56 F.3d 83
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Fred J. WIGGANS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3011.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 Before LOURIE, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Fred J. Wiggans petitions for review of the decision of the Merit Systems Protection Board (board), Docket No. SF0752540529-I-1, granting his voluntary motion to dismiss his appeal without prejudice. Because the board did not err in granting Wiggans' request, we affirm.
 
 DISCUSSION
 
 2
 The United States Postal Service (agency) employed Wiggans as a custodian. Effective March 15, 1993, the agency removed him from his position. Wiggans appealed the action to the board's San Francisco Regional Office. While Wiggans' appeal was pending, his representative, Edward J. Corley, filed a motion to dismiss the appeal without prejudice. Specifically, the request sought to "reserve the appellant's right to appeal's [sic] pending the outcome and decision of the appellants claim for disability retirement."
 
 
 3
 In an initial decision on September 15, 1994, the board granted Wiggans' motion. In its decision, the board included a notice to the appellant that he must refile his appeal within thirty days from the receipt of a decision from the Office of Personnel Management concerning his disability retirement claim, or no later than six months from the date of the board's initial decision.[1] The board's dismissal became final on October 20, 1994, after Wiggans failed to petition the board for review.
 
 
 4
 Wiggans has appealed to this court, focusing on the merits of his dismissal. In particular, Wiggans argues that the agency should have allowed him to take sick leave and therefore the events that led to his discharge would not have occurred. He further argues that his union representative did not allow him to speak at the hearing and therefore he was denied the opportunity to present his side of the case. Wiggans does not dispute that he voluntarily requested that his appeal be dismissed.
 
 
 5
 Our review is limited by statute. We may reverse a board decision if it is:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1988). Here, Wiggans fails to show any error in the board's decision to grant his motion to dismiss without prejudice. Although the motion was filed by Wiggans' representative, he is bound by his representative's actions. See Amin v. Merit Sys. Protection Bd., 951 F.2d 1247, 1254 (1991). Moreover, Wiggans' arguments on the merits of his case are irrelevant to whether the board properly granted his motion.
 
 
 
 [1]
 The government's appeal brief to this court also informed Wiggans that if he wished to challenge his dismissal, he was required to refile his petition for appeal at the San Francisco Regional Office by March 14, 1995